## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Brianca McNeal, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| General Revenue Corporation, | ) | **COMPLAINT** |
| | ) | **WITH JURY TRIAL DEMAND** |
| Defendant | ) | |
| | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1.    Plaintiff, Brianca McNeal, is a natural person who resides in Clayton County, Georgia.

2.    Defendant, General Revenue Corporation (hereinafter "GRC", is a corporation authorized to do business in the State of Georgia and may be served with

1

process via its registered agent, The Corporation Trust Company, at 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

## JURISDICTION AND VENUE

3.    This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.    This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.    Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.    Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the conduct complained of herein occurred in Clayton County and the Defendant maintains a Registered Agent in Gwinnett County, both of which are in the Atlanta Division.

## FACTUAL ALLEGATIONS

7.    Brianca McNeal is a 44-year old woman who is suffering from

2

deteriorating health. She is disabled and unable to engage in competitive employment as a result of numerous orthopedic and neurological impairments including an intradural tumor of the cervical spine, cervical myelopathy and radiculopathy, chronic pain, and related anxiety. She currently has an application for Social Security Disability benefits pending at the Appeals Council. A treating physician has confirmed her condition and limitations.

8.     Plaintiff is allegedly obligated to a pay student loan debt and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9.     Defendant is a collection agency specializing in the collection of consumer debt in the form of defaulted student loans.

10.    Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11.    Defendant markets itself on its website as being highly qualified to collect defaulted student loans, writing:

*Our experienced debt collectors have been providing collection services to higher education clients for more than 3 decades. This experience means we can provide a smooth contract implementation and a quicker return on investment.*

See, https://www.generalrevenue.com/ContentSite/About.aspx. (Last visited October 30, 2019

3

12.     Defendant manages, and collects upon, thousands of consumer debt accounts annually.

13.     Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.     On or about September 13, 2019, Defendant published a letter to Plaintiff advising that they were collecting on a student loan account originated with Strayer University – Morrow in the amount of $1,630.28. The letter requested that the Plaintiff call Defendant to discuss payment of the debt.

15.     On September 25th, 2019, Plaintiff initiated a call to Defendant per the correspondence she had received.

16.     During the course of her conversation with Defendant's agent, Plaintiff advised that she cannot pay the debt because she is disabled. Defendant responded by advising the Plaintiff that because they are collecting a federally-backed debt, disability had no effect on the debt. Defendant further advised the Plaintiff that she had 90 days to get the balance resolved before it was reported on her credit files.

## INJURIES-IN-FACT

17.     The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to

4

collect a debt.'" *McCamis v. Servis One, Inc*., No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

18.   An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

19.   Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

20.   Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

21.   Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

22.   As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

5

a.  Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.  Uncompensated time expended away from her  activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.  Anxiety and worry caused by concern that she is being called upon to pay a claim when it might otherwise be dischargeable.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

23.    Plaintiff incorporates by reference paragraphs 1 through 22 as though fully stated herein.

### Violations of 15 U.SC. § 1692e and its subparts

24.    15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

25.    The use of "or" in § 1692e means a representation violates the FDCPA if it is false *or* deceptive *or* misleading.  *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012).

6

26.     A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive. *Id*.

27.     The Defendant's representations to the Plaintiff were objectively false and materially misleading.  Individuals who are deemed disabled may be eligible for discharge of federally backed student loan debt pursuant to the TPD Program as administered by Nelnet, and Federal Student Aid, and the Office of the U.S. Department of Education. Moreover, there are private student loan lenders who likewise offer discharge programs in cases of disability.

28.     Given the Defendant's extensive and exclusive experience in collecting this manner debt, it is surely familiar with these programs.

29.     The Defendant's false statements had the effect of dissuading the Plaintiff from pursuing alternatives to immediate payment such as seeking discharge of her student loans as a result of her disability status.

30.     Thus, these representations made by Defendant violated 15 U.S.C. § 1692e, e(2)(A), and e(10).

***Violations of 15 U.SC. § 1692f and its subparts***

31.     The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon perceived weaknesses and lack of sophistication of the Plaintiff.

32.     It violated other provisions of the Act to facilitate collection.

33.     Defendant's conduct violated 15 U.S.C. § 1692f.

## **TRIAL BY JURY**

34.     Plaintiff is entitled to and hereby requests a trial by jury.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. §§ 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 30th day of October, 2019.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333

*Plaintiff's Attorneys*